IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY CANTRELL, #141 769, )<br>     Plaintiff, )<br>                                                   )<br>     v.                                            )<br>                                                   )<br>ALABAMA BOARD OF PARDONS   )<br>AND PAROLES, *et al.*,                )<br>                                                   )<br>     Defendants.                           ) | CIVIL ACTION NO. 2:13-CV-550-TMH<br>               [WO] |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Limestone Correctional Facility, files this 42 U.S.C. § 1983 complaining that Defendants have barred him from parole eligibility, which he previously was eligible for, through application of ALA. CODE § 15-22-27.3, in violation of the *Ex Post Facto* Clause. On September 25, 2013, Defendants filed a motion to dismiss (*Doc. No. 23*) alleging that Plaintiff's claims for injunctive relief are now moot because, after review, they have determined that he is eligible for parole and have scheduled a tentative parole hearing. (*See Id., Exh. A*.)

On September 25, 2013, the court entered an order directing Plaintiff to show cause why his complaint should not be dismissed as moot since Defendants have restored his parole eligibility status. Plaintiff filed a motion to dismiss on October 3, 2013 which the court concludes is due to be dismissed as moot in light of Defendants' pending dispositive motion.

# I. DISCUSSION

Courts do not sit to render advisory opinions. *North Carolina v. Rice*, 404 U. S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson*, 415 U. S. 452, 459 n.10 (1974). In a case such as this where the only relief requested is injunctive in nature, it is possible for events subsequent to the filing of the complaint to make the matter moot. *National Black Police Assoc. v. District of Columbia*, 108 F.3d 346, 350 (D.C. Cir. 1997) (change in statute); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (transfer of prisoner); *Tawwab v. Metz* 554 F.2d 22, 23 (2nd Cir. 1977) (change in policy).

A claim becomes moot when the controversy between the parties is no longer alive because one party has no further concern in the outcome. *Weinstein v. Bradford*, 423 U.S. 147 (1975). Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." Federal courts are not permitted to rule upon questions which are hypothetical in nature or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.*, 494 US. 472, 477 (1990). Furthermore,"[t]his case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . [I]t is not enough that a dispute was very much alive when the suit was filed." *Id*.

In *Saladin v. Milledgeville*, the court determined:

> A case is moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome of the litigation, such as where there is no reasonable expectation that the violation will occur again or where interim relief or events have eradicated the effects of the alleged

violation.

812 F.2d 687, 693 (11th Cir. 1987) (citations omitted).

Plaintiff's ultimate objective in filing this action was to be restored to eligibility for consideration for parole. Because Plaintiff has now been deemed eligible for a parole hearing, and a hearing is tentatively scheduled for November 2013, there is no longer a case or controversy to litigate and this case is due to be dismissed as moot. *United States ex rel. Graham v. United States Parole Commission*, 732 F.2d 849, 850 (11th Cir. 1984); *see also Bailey v. Southerland*, 821 F.2d 277, 278-79 (5th Cir. 1987) (*citing Graham*).

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Defendants' motion to dismiss complaint as moot (*Doc. No. 23*) be GRANTED;

2. Plaintiff's motion to dismiss (*Doc. No. 25*) be DENIED as moot;

3. This case be DISMISSED as moot; and

4. No costs be taxed herein.

It is further

ORDERED that on or before **October 22, 2013** the parties may file an objection to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings in the Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done, this 7th day of October 2013.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE